The **CITY OF GALVESTON**, Plaintiff,

v.

**INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS,**
et al., Defendants.

**Civ. A. No. 71–G–206.**

United States District Court,
S. D. Texas,
Galveston Division.

Feb. 10, 1972.

W. D. Deakins, Jr., of Vinson, Elkins, Searls & Smith, and Ben L. Reynolds, of Royston, Rayzor & Cook, Houston, Tex., for plaintiff.

Bertram Perkel, of Schulman, Abarbanel, Perkel & McEvoy, New York City, Herman Wright, of Mandell & Wright, and W. Arthur Combs, of Combs & Archer, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

On the 14th day of December, 1971, defendants herein (American Radio Association, AFL–CIO, International Organization of Masters, Mates and Pilots, AFL–CIO, National Marine Engineers Beneficial Association, AFL–CIO, National Maritime Union of America, AFL–CIO, Radio Officers Union of the United Telegraph Workers, AFL–CIO, and Seafarers International Union of North America, AFL–CIO) filed a petition and bond for removal of the above styled cause from the District Court of Galveston County, Texas, to the District Court of the United States, Southern District of Texas, Galveston Division. Plaintiff now moves the Court to remand the cause to the state jurisdiction. The motion was argued orally on December 14, 1971, at which time this Court

took its action and announced that findings of fact and conclusions of law would be filed at a later date.

On or about December 11, 1971, defendant unions commenced picketing the foreign flagship ORIENTAL WARRIOR which was anchored in the Port of Galveston for the purpose of loading and unloading cargo. The picketing foreseeably caused the cessation of all activities on board the vessels. The longshoremen, as well as employees of the plaintiff, City of Galveston, refused to cross defendants' picket line. Plaintiff subsequently filed a petition in state court seeking injunctive relief from such picketing activities. On December 13, 1971, the state court acting ex parte, issued a temporary restraining order which prohibited the defendants' activities.

■■ In the oral hearing regarding the existence of federal jurisdiction over this action, the issue narrowed to the pivotal query of whether plaintiff's pleadings raise a "federal question" within the meaning of the federal removal statute, 28 U.S.C.A. § 1441. A case removed to a United States district court must be one which could have been brought originally in a district court; and, as in cases originally brought in federal court, the jurisdiction must be manifest from plaintiff's complaint. Wright, Law of Federal Courts (2nd Ed.) § 18, pp. 59–60, § 38, pp. 130–131. Removal is always proper where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized, and even where plaintiff inadvertently, mistakenly or fraudulently may have concealed a federal question that would necessarily have appeared if the complaint had been well pleaded. But where this is not the case and plaintiff has a choice of relying upon state law and does so rely, there can be no removal except on the basis of diversity. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); see also 1A J. Wm. Moore, Moore's Federal Practice, § 0.167(7) at 1010 (2nd Ed. 1971) (hereinafter cited as Moore).

Plaintiff here seeks only injunctive relief against defendants' alleged violations of state law. In the present lawsuit it is clear that no contract or collective bargaining is involved under the allegations of the complaint. Original jurisdiction of this action exists only if this case arises under the Taft-Hartley Act, 29 U.S.C. § 185 (Section 301).

■ Upon careful consideration of the authorities, the Court is persuaded that an allegation of a contract or agreement must be made before this Court will have original or removal jurisdiction based on Section 301. The fact that the controversy involves a "labor dispute" does not in itself vest the federal court with jurisdiction to adjudicate the matter.

■ Defendants argue that the substance of plaintiff's complaint sounds in a Section 8(b) (4) ("unfair labor practice") violation, an area of controversy preempted by federal law. Assuming arguendo, that defendants are correct, the federal district court does not have original jurisdiction in such matters. Congress has preempted some areas of labor-management relations (e. g., "unfair labor practice" complaints) and vested exclusive jurisdiction thereover in the National Labor Relations Board. Thus, neither the state nor federal courts would have original jurisdiction; where removal is attempted, the federal district court must remand. S. E. Overton Co. v. International Brotherhood, etc., 115 F.Supp. 764 (D.C.); Dow Chemical Co. v. District 50 Allied & Tech. W. of U. S. & Can., 315 F.Supp. 427 (D.C.1970); see also 1A Moore § 0.160 at 476 n. 19.

Thus, the issue of whether an "unfair labor practice" is the real nature of plaintiff's complaint is a matter to be resolved in the state tribunal.

■ Although the Labor-Management Relations Act vests exclusive jurisdiction in the Board over unfair labor practices that affect interstate commerce, the Congress has carved out certain exceptions to this general rule. Federal

jurisdiction does extend to controversies involving secondary boycotts *where the injured party seeks to recover damages.* 29 U.S.C. § 187(b); see Direct Transit Lines v. Local Union No. 406, 199 F.2d 89 (6th Cir. 1952); Douglas v. International Brotherhood of Electrical Workers Union, 136 F.Supp. 68 (D.C.Mich.1955); see generally Annot. 7 A.L.R.Fed. 767, 835–837. In the instant case plaintiff seeks only injunctive relief, does not assert any claim for damages, and therefore has not stated an action which would vest this Court with original or removal jurisdiction.

Thus, the action must be remanded to the state court, and this Court's order has issued accordingly.

This Memorandum Opinion shall constitute findings of fact and conclusions of law.