**BEACON MOVING AND STORAGE, INC., Plaintiff-Respondent,**

v.

**LOCAL 814, INTERNATIONAL BROTH-ERHOOD OF TEAMSTERS, CHAUF-FEURS, WAREHOUSEMEN AND HELPERS, Defendant-Petitioner.**

No. 72 Civ. 1027.

United States District Court,
S. D. New York.

Dec. 5, 1972.

Gordon & Tropp, New York City, for plaintiff-respondent; Harvey Tropp, Joel Schweidel, New York City, of counsel.

Cohen, Weiss & Simon, New York City, for defendant-petitioner; Bruce H. Simon, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

This is a motion pursuant to 28 U.S.C. § 1447 (1970) to remand this action to the state court. The action was commenced on or about March 8, 1972, in the Supreme Court of the State of New York, County of New York, by service of a summons and complaint. Served therewith was an order to show cause ordering defendant to show cause on March 13, 1972, why a preliminary injunction should not issue against it. On March 10, 1972, prior to such return date, defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a) (1970). In its petition for removal defendant alleged, in substance, that the complaint in the state court action alleged violations of 29 U.S.C. §§ 158(b)(4) and 187(a) (1970) and, further, that the federal court had original jurisdiction of this action pursuant to 29 U.S.C. § 187(b) and 28 U.S.C. § 1337 (1970).

Plaintiff contends herein that this court lacks original jurisdiction under 29 U.S.C. § 187(b) and that the true basis for the removal is to hinder and delay the progress of the action and to subvert the effect of the order to show cause issued on March 8, 1972.

■ This is an action *seeking a permanent injunction* against defendant, its officers, members, agents, servants, employees, successors and all other persons acting or allegedly acting on its behalf from continuing to engage in certain acts of violence, coercion and intimidation for the purpose of compelling plaintiff to become a "union" company. Defendant, in seeking to invoke the jurisdiction of this court by way of removal, has the burden of establishing that the action arises under federal law. "The complaint, of course, is controlling and must be read as drawn by the plaintiff, unaided by the petition for removal." Jody Fair, Inc. v. Dubinsky, 225 F.Supp. 695, 696 (S.D.N.Y.1964).

■ A review of the allegations of plaintiff's complaint clearly indicates that the complaint does not state a cause of action over which this court has jurisdiction. Nowhere does it allege that a claim or right is asserted under any federal law or that there is any contract or agreement between the parties. Reduced to its simplest terms, the complaint alleges that defendant, for the purpose of coercing plaintiff into becoming a union company, engaged in acts and threats of violence, all of which hindered plaintiff in the course of its business. Many of the acts complained of prevented plaintiff from completing its work. On numerous occasions, defendant contacted plaintiff's officers and threatened them with physical harm if the company did not become a union company. Defendant's agents also contacted various customers of plaintiff in an attempt to prevent such customers from doing business with plaintiff. In addition, on numerous occasions defendant's agents physically prevented plaintiff's employees and vehicles from proceeding with their work. It is further alleged that defendant's agents have continually hindered and harassed plaintiff in its efforts to coerce plaintiff into becoming a union company and that such acts of coercion and harassment often have been violent or have involved threats of violence, such as when large mobs of men congregated at or near plaintiff's place of business or locations at which it was conducting business and threatened plaintiff's employees and other persons with whom plaintiff was conducting business with serious injury to their persons or property.

■ Plaintiff's complaint does not in any manner allege that defendant has engaged in any acts over which this court has original jurisdiction by virtue of 29 U.S.C. § 187(a). The acts complained of are clearly prima facie tortious acts for which plaintiff seeks injunctive relief in the state court.

■■ Defendant contends, in effect, that the complaint is framed in terms of "secondary boycott" allegations. A secondary boycott, within the meaning of 29 U.S.C. § 158(b)(4), is an unlawful act practiced by a labor organization

whereby the labor organization, by various methods, induces employees of another employer to engage in a strike or other concerted action or coerces other persons to take action calculated to place economic burdens upon such employer in order to compel him to cease doing business with the employer with which the labor organization has some dispute. The complaint alleges no such "secondary boycott." J. Landowne Co. v. Paper Box Makers & Paper Specialties Union, Local 299, 278 F.Supp. 339 (E.D.N.Y. 1967).

 Of course, removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the plaintiff. But where this is not the case, and plaintiff has a choice of relying upon state law and does so rely, there can be no removal except on the basis of diversity. Plaintiff here seeks only injunctive relief against defendant's alleged violations of state law. Original jurisdiction of this action exists only if this case arises under 29 U. S.C. §§ 185 or 187(b). In the present law suit it is clear that no contract or collective bargaining agreement is involved, and an allegation of such contract or agreement must be made before this court will have original or removal jurisdiction under § 185.

Defendant argues that the substance of plaintiff's complaint sounds in a 29 U.S.C. § 158(b)(4) ("unfair labor practice") violation, an area of controversy preempted by federal law. Assuming, for the purposes of argument, that this is true, original jurisdiction does not lie in this court in such matters, for Congress has preempted some areas of labor-management relations, such as "unfair labor practice complaints", and has vested exclusive jurisdiction in the National Labor Relations Board. In such case, neither the state nor federal courts would have original jurisdiction and where removal is attempted, the federal court must remand and the issue of whether an "unfair labor practice" is the real nature of the complaint must be resolved in the state court. City of Galveston v. International Organization of Masters, Mates & Pilots, 338 F.Supp. 907, 909 (S.D.Tex. 1972).

Finally, although Congress has carved out certain exceptions to the exclusive jurisdiction of the Board over unfair labor practices, federal jurisdiction does not extend to controversies involving secondary boycotts where the injured party does not seek recovery of damages. 29 U.S.C. § 187(b); City of Galveston v. International Organization of Masters, Mates & Pilots, *supra*, 338 F.Supp. at 910. In the instant case there is no allegation of a "secondary boycott" and no claim for damages. While there is no question that this Court has power, by virtue of Rule 54(c) of the Federal Rules of Civil Procedure, to grant relief not demanded in the pleadings, it cannot acquire subject matter jurisdiction in this fashion.

The motion to remand is granted.

Submit order.