**SMITH'S TRANSFER CORPORATION,**
**Plaintiff,**

v.

**LOCAL NO. 29 OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA et al., Defendants.**

Civ. A. No. 73–C–36–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Sept. 24, 1973.

are the named defendants in a suit commenced in the Circuit Court of Augusta County, Virginia on August 7, 1973. The action is now before this court on a motion to remand filed by Smith's Transfer Corporation, the plaintiff in the state court proceedings, pursuant to 28 U.S.C. § 1447(c). The underlying controversy results from a labor dispute between the defendant union and Wilson Trucking Corporation and concerns the picketing activities of the defendant union at plaintiff's terminal, but the specific issues now before this court are only concerned with the proper forum in which this dispute should be adjudicated.

Briefly stated, the facts of this case are these. On January 3, 1973, Local No. 29 of the Teamsters Union was certified by the National Labor Relations Board as the exclusive bargaining representative of the driver, dock and maintenance employees of the Wilson Trucking Corporation. Following this certification, Local No. 29 engaged in collective bargaining with representatives of the Wilson Trucking Corporation. This bargaining was apparently not readily successful in resolving the differences between the parties, for on August 5, 1973, members of Local 29 went on strike and began picketing Wilson Trucking Corporation at its several terminals throughout Virginia. This picketing is continuing to date.

In addition to the picketing at the Wilson terminals, Local No. 29 followed those drivers for Wilson who had opted not to strike to wherever they were working. This so-called "ambulatory" picketing is what resulted in the dispute in this case, for on August 6, 1973, members of Local No. 29 followed some of the drivers of the Wilson Trucking Corporation to the Verona terminal of Smith's Transfer Corporation and there engaged in picketing. Smith's reaction to this was virtually immediate. On August 7, 1973, a bill of complaint was filed against Local 29 in the Circuit Court of Augusta County, Virginia, and on that same day the judge of that court

---

Benham M. Black, Lotz, Black, Coleman & Gudal, Staunton, Va., for plaintiff.

John C. Lowe, Lowe & Gordon, Charlottesville, Va., and Robert M. Baptiste, Washington, D. C., for defendants.

## OPINION

TURK, District Judge.

This case was removed to this court pursuant to 28 U.S.C. § 1441 by a petition for removal filed by certain officers, business agents or employees of Local 29 of the Teamsters Union, who

entered an *ex parte* temporary injunction restraining for 60 days Local 29 and others from picketing at or in the vicinity of the terminals of Smith's Transfer Corporation. The union has obeyed this order, but in response has filed the present removal action in this court.

The position asserted by the defendant union may be summarized as follows: This case may be removed from the state court pursuant to the provisions of 28 U.S.C. § 1441; once removed this court should dissolve the temporary injunction of the state court because regulation of the picketing by Local 29 in this case has been pre-empted by the Labor Management Relations Act, 29 U.S.C. § 141 et seq.; and this court should then dismiss the suit filed by Smith's for failure to state a claim upon which relief can be granted (also on the ground that this case has been pre-empted).

### REMOVAL

The removal statute, 28 U.S.C. § 1441 provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Plaintiff contends that this case is not within the jurisdiction of this court and must be remanded pursuant to 28 U.S.C. § 1447(c).[1] The initial question thus posed is that of jurisdiction, the resolution of which requires consideration of the allegations in the plaintiff's complaint.[2]

Briefly summarized, the following allegations are set forth in the complaint filed in the state court: That the defendant union picketed plaintiff's terminal between 1:30 P.M. and 2:56 P.M. on August 6, 1973, during which time ten of plaintiff's drivers refused to cross the picket line; that the persons manning this picket line were not in an employer-employee relationship with plaintiff; that plaintiff does not believe that there is a primary fair labor practice involved between it and the defendant union; that although the picket line was removed when the Wilson trucks left plaintiff's premises, the plaintiff has been advised that the pickets will return whenever rolling equipment of Wilson Trucking Corporation returns to its premises while the defendant union is on strike against Wilson; that the employees of Wilson Trucking Corporation may be reached every day at its own terminals; that the plaintiff's business will suffer irreparable harm; that the employees of plaintiff may be subjected to force, threats of violence, etc. to induce them to refrain from performing their

1. This statute provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

2. Plaintiff has characterized the complaint in terms of a violation of state law, but it is clear that the facts alleged in the complaint and not its characterization determine jurisdiction. Beeler v. United States, 338 F.2d 687, 689 (3d Cir. 1964).

duties; and that plaintiff's remedy at law is wholly inadequate.[3]

The above allegations appear to charge the defendant union with a violation of section 303(a) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. § 187(a) which provides:

"It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title."

Title 29 U.S.C. § 158(b)(4) referred to in this statute provides in pertinent part:

"It shall be an unfair labor practice for a labor organization or its agents —

.   .   .   .   .   .

(4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

(A) forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any agreement which is prohibited by subsection (3) of this section;

(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: Provided, That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing."

■ There is no dispute that defendant is a "labor organization" as that term is defined in 29 U.S.C. § 152(5) and that plaintiff is an industry "affecting commerce" as that term is defined in 29 U.S.C. § 152(6) and (7). Further it appears that the complaint charges that the defendant union induced plain-

3. Va.Code Ann. § 40.1–53 (1970 Repl.Vol.) pursuant to which the union was enjoined provides:

"Preventing persons from pursuing lawful vocations, etc.; illegal picketing; injunction. —No person shall singly or in concert with others interfere or attempt to interfere with another in the exercise of his right to work or to enter upon the performance of any lawful vocation by the use of force, threats of violence or intimidation, or by the use of insulting or threatening language directed toward such person, to induce or attempt to induce him to quit his employment or refrain from seeking employment.

No person shall engage in picketing by force or violence, or picket alone or in concert with others in such manner as to obstruct or interfere with free ingress or egress to and from any premises, or obstruct or inter-

fere with free use of public streets, sidewalks or other public ways.

When a strike or lockout is in progress, no person who is not, or immediately prior to the time of the commencement of any strike or lockout was not, a bona fide employee of the business or industry being picketed shall participate in any picketing or any picketing activity with respect to such strike or lockout.

Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and punished accordingly.

Notwithstanding the punishments herein provided any court of general equity jurisdiction may enjoin picketing prohibited by this section, and in addition thereto, may enjoin any picketing or interference with lawful picketing when necessary to prevent disorder, restrain coercion, protect life or property, or promote the general welfare."

tiff's employees on August 6, 1973, to refuse to perform their jobs so long as the Wilson trucks were at its terminal. The fact that the pickets remained only as long as the Wilson trucks were ·at plaintiff's terminal when coupled with the allegation that the Wilson employees can be adequately reached at the Wilson terminals indicates that object of the unions picketing was to force the plaintiff's employees and/or the plaintiff to cease doing business with Wilson Trucking Corporation. The complaint thus charges an unfair labor practice under §§ 158(b)(4)(i) and (ii)(B) and in turn a violation of 29 U.S.C. § 187(a).

■ Title 28 U.S.C. § 1337 states that "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . ." That the Labor Management Relations Act of 1947 as amended, 29 U.S.C. § 141 et seq., is an act regulating commerce is beyond question. Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 561–562, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Accordingly, this court has original jurisdiction in this case as an action arising under the laws of the United States and it may be removed pursuant to the provisions of 28 U.S.C. § 1441.[4]

■ There remains the argument that since this court lacks jurisdiction to grant injunctive relief because of the specific prohibitions contained in 29 U.S.C. §§ 101, 104, and specifically 104(e), it lacks jurisdiction for purposes of removal. According to this argument, since plaintiff only sought injunctive relief in the state court, and such relief is not available in this case in the federal court, this court is in effect without jurisdiction and the case should be remanded to the state courts.[5] Accepting plaintiff's position that this court is without jurisdiction to grant injunctive relief on the facts of this case, this court is nevertheless of the opinion, that removal is appropriate. This follows from the decision of the Supreme Court in Avco Corporation v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L. Ed.2d 126 (1968). That case, like the case at bar, involved removal from a state court which had granted an *ex parte* injunction against the union. In rejecting the argument that the federal court lacked jurisdiction because it could not enjoin the union, the court stated,

"The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy. . . . But the breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter. Any error in granting or designing relief 'does not go to the jurisdiction of the court.' Swift & Co. v. United States, 276 U.S. 311, 331 [48 S.Ct. 311, 316, 72 L.Ed. 587]." 390 U.S. at 561, 88 S.Ct. at 1237.

Although *Avco* involved a suit under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enjoin a strike in violation of a no-strike clause, in a collective bargaining agreement, the determination that the complaint in the present case alleges a violation of § 303(a) of the Act, 29 U.S.C. § 187(a),

---

4. An alternative basis for original jurisdiction would be 29 U.S.C. § 187(b) which provides:

"(b) Whoever shall be injured in his business or property by reason of any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit."

5. The bill of complaint filed in the state court asked specifically for injunctive relief, but in addition asked for "such further and general relief as equity may deem meet." Despite this addition which arguably destroys plaintiff's position, this court will assume that only relief sought in the state court was injunctive.

makes the decision in Avco applicable to the case at bar. *Accord,* Mountain Navigaton Co., Inc. v. Seafarers' International Union of North America, 348 F. Supp. 1298, 1301 (W.D.Wis.1971); Iodice v. Calabrese, 291 F.Supp. 592, 595 (S.D.N.Y.1968). *But see* City of Galveston v. International Organization of Masters, Mates & Pilots, 338 F.Supp. 907 (S.D.Tex.1972).

### DISSOLUTION OF THE INJUNCTION

■ The conduct of the defendant union which was enjoined by the state court was peaceful picketing which, although ostensibly aimed at the drivers of the Wilson Trucking Corporation,[6] was conducted at one of plaintiff's terminals. As has been indicated, plaintiff's complaint would appear to charge an unfair labor practice under § 8(b)(4) of the Labor Management Relations Act, 29 U.S.C. § 158(b)(4) which is prohibited by § 303 of that Act, 29 U.S.C. § 187(a). On the other hand, it is possible that the conduct of the union in this case is protected by § 7 of the Labor Management Relations Act, 29 U.S.C. § 157. *See* Moore Dry Dock Co., 92 N.L.R.B. 547 (1950). But regardless of how the merits of the controversy may eventually be resolved, the constitutional doctrine of pre-emption denies to the states the power to remedy such conduct. The challenged picketing falls clearly within the test of pre-emption, to wit: Whether the conduct is "arguably protected or prohibited by the Act." Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); Construction Laborers v. Curry, 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed.2d 514 (1963); Plumbers Union v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963); San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Garner v. Teamsters Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953). The rule and its reason as stated by Mr. Justice Frankfurter in *Garmon,* 359 U.S. at 244, 79 S.Ct. at 779, was as follows:

"When it is clear or may fairly be assumed that the activities which a state purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between powers asserted by Congress and requirements imposed by state law."

In *Lockridge,* 403 U.S. at 288–289, 91 S.Ct. at 1918 the court stated,

"The rationale for pre-emption, then, rests in large measure upon our determination that when it set down a federal labor policy Congress plainly meant to do more than simply to alter the then-prevailing substantive law. It sought as well to restructure fundamentally the processes for effectuating that policy, deliberately placing the responsibility for applying and developing this comprehensive legal system in the hands of an expert administrative body rather than the federalized judicial system. Thus, that a local court, while adjudicating a labor dispute also within the jurisdiction of the NLRB, may purport to apply legal rules identical to those prescribed in the federal Act or may eschew the authority to define or apply principles specifically developed to regulate labor relations does not mean that all relevant potential for debilitating conflict is absent."

There can be no doubt that the regulation of peaceful picketing in this case is encompassed by the doctrine of pre-emption and denied to the states. In Garner v. Teamsters Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953), a case sim-

---

**6.** The picket signs carried by the striking employees from Wilson bore the legend, "WILSON TRUCKING CO. UNFAIR/ON STRIKE/THIS PICKETING DIRECTED ONLY TO WILSON EMPLOYEES/TEAMSTERS LOCAL UNION NO. 29."

**1240**

ilar to the case at bar, involving peaceful picketing in violation of state law, the court stated,

"[T]he policy of the national Labor Management Relations Act is not to condemn all picketing but only that ascertained by its prescribed processes to fall within its prohibitions. Otherwise, it is implicit in the Act that the public interest is served by freedom of labor to use the weapon of picketing. For a state to impinge on the area of labor combat designed to be free is quite as much an obstruction of federal policy as if the state were to declare picketing free for purposes or by methods which the federal Act prohibits." 346 U.S. at 499–500, 74 S.Ct. at 171.

Thus the state court in this case was without jurisdiction to enjoin the defendant's picketing. It follows that the temporary injunction issued by the state judge must be dissolved pursuant to the power vested in this court under 28 U.S.C. § 1450. It should be pointed out that if the union's activities are in fact violative of federal law, the plaintiff is not without a remedy. Complaint may be made to the National Labor Relations Board which is empowered to apply to this court for a temporary restraining order or injunction, 29 U.S.C. § 160. It is clear that on the facts of this case the procedures contained in this statute are the only means for resolving this dispute. Accordingly, the temporary injunction issued by the Circuit Court of Augusta County, Virginia is dissolved.

### MOTION TO DISMISS

■ There remains only the question of the continuing jurisdiction of this court. The defendant has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted. The prior determination that the challenged conduct in this case was within the purview of the Labor Management Relations Act dictates that this court lacks the general

equity power to grant the particular injunctive relief sought and must defer to the authority vested in the National Labor Relations Board. The authority and reasons cited *supra* for the proposition that the power of the state court had been pre-empted in this case apply with equal force to this court. Accordingly, the case is dismissed and plaintiff is left to seek appropriate relief through the administrative channels of National Labor Relations Board.