**BOARD OF EDUCATION OF the CITY OF ATLANTA**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, et al.**

**Civ. A. No. C75–1975A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 24, 1975.

Warren C. Fortson and Prentiss Q. Yancey, Jr., of Smith, Cohen, Ringel, Kohler & Martin, Homer L. Deakins, Jr., and Gregory B. Tobin, of Thompson, Ogletree & Deakins, Atlanta, Ga., for plaintiff.

Robert J. Martin, Jr., and Robert S. Giolito, of Adair, Goldthwaite, Stanford & Daniel, Theodore G. Frankel, of Haas, Holland, Levison & Gibert, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, Chief Judge.

On October 10, 1975, plaintiffs herein filed in the Superior Court of Fulton County, Georgia, a civil action, File No. C–12166, for injunctive relief and a declaratory judgment. The verified complaint alleged that defendants had for approximately one month been demanding (1) that plaintiff enter into a collective bargaining agreement, recognizing defendant American Federation of State, County and Municipal Employees (AFSCME) as the exclusive bargaining agent for certain of plaintiff's employees, (2) that plaintiff recognize defendant Atlanta Association of Educators (AAE) as the exclusive negotiating agent for certain certified personnel, and

(3) that plaintiff accede to certain demands of both unions with regard to compensation, hours, and terms and conditions of employment of their respective members who are employed by plaintiff. The complaint alleged further that plaintiff had responded to all these demands ". . . by contending that the granting of such demands . . . would violate the laws and public policy of the State of Georgia." Complaint, at 3.

According to the complaint, defendants responded to plaintiff's refusal to accede to their demands by engaging in activities intended to bring about a strike by plaintiff's employees. Consequently, plaintiff sought a temporary restraining order from the state court in order to avert "immediate and irreparable injury, loss and damage . . . to the Plaintiff, its employees and the school children and citizens of the City of Atlanta by preventing the Plaintiff from operating the public schools of the City of Atlanta and its other facilities." Complaint, at 3–4.

On October 14, 1975, the next regular working day for this court, defendants filed in this court a petition for removal of the case from state court pursuant to Title 28, United States Code, sections 1441 and 1443. The petition alleged that the school board, by virtue of its complaint in state court, was seeking " . . . to abridge rights guaranteed the petitioners [defendants] under the First and Fourteenth Amendments to the United States Constitution in specific violation of Title 42, United States Code, Sections 1981, 1983 and 1985(3)."

■ Later the same day, plaintiff countered with a motion to remand to state court instanter or, in the alternative, to grant a temporary restraining order. Plaintiff asserted therein that this court lacked jurisdiction inasmuch as the case did not present the kind of situation contemplated by either of the federal removal statutes. A hearing was held during the afternoon of October 14, at which hearing the court heard extended argument from counsel for all the parties on the questions of removability, applicability of the Norris-La-Guardia anti-injunction statute, 29 U.S.C. § 101 *et seq.*, and the merits of the legality of a strike by employees of the plaintiff school board. Inasmuch as the preliminary question of jurisdiction appeared quite close and obviously warranted further consideration by the court before ruling thereupon, the court exercised its discretion under *United States v. United Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), to grant plaintiff's alternate motion for a temporary restraining order. The order by its terms specified that it was to remain in effect until this court's rulings on the defendants' petition for removal and the plaintiff's petition to remand to state court, or for ten days, whichever period were shorter; it specified further that the restraining order was being entered solely "for the purpose of maintaining the status quo until this court [could] rule on the question of its own jurisdiction." The court is now prepared to rule on that question.

■■ Defendant unions, seeking to proceed in this federal forum upon removal from state court, bear the burden of establishing their right to do so. *J. J. Ryan & Sons, Inc. v. Continental Ins. Co.,* 369 F.Supp. 692 (D.S.C.1974). When seeking to invoke the general removal statute, 28 U.S.C. § 1441, that burden consists of proving that the action arises under federal law. *Beacon Moving & Storage, Inc. v. Teamsters Local 814,* 362 F.Supp. 442 (S.D.N.Y. 1972); only cases of which federal district courts have original jurisdiction can be so removed. 28 U.S.C. § 1441(a). With regard to sustaining that burden of proving the existence of a federal question for purposes of removal, the rule is well-settled and closely related to the rule laid down in *Louisville & Nashville R. R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), concerning the estab-

lishment of federal question jurisdiction by original process, 28 U.S.C. § 1331. Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response. *See, e. g., PAAC v. Rizzo,* 502 F.2d 306 (3d Cir. 1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975), *Milligan v. Milligan,* 484 F.2d 446 (8th Cir. 1973), *Spring City Flying Service, Inc. v. Vogel,* 281 F.Supp. 594 (E.D.Wis.1968).

■ In the case at bar, the complaint fails to state even the remotest federal element. It sets forth a straightforward dispute between an employer (who is not subject to the provisions of the National Labor Relations Act, 29 U.S.C. § 152(2)) and two unions over the question of whether exclusive recognition and bargaining agreements violate state law or public policy. There was not the slightest hint that any federal law or right is involved in this case until the petition for removal was filed by defendants, asserting plaintiff's abridgment of their first and fourteenth amendment rights. This raising of alleged federal elements in the removal petition is clearly insufficient to support original federal question jurisdiction:

> ". . . It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations in the petition for removal. It is fundamental that the action is not one arising under federal law where the federal question is supplied by way of defense. [Citations omitted.]" *Warner Bros. Records, Inc. v. R. A. Ridges Distributing Co.,* 475 F.2d 262, 264 (10th Cir. 1973). *See also Romick v. Bekins Van & Storage Co.,* 197 F.2d 369 (5th Cir. 1952), *Appalachian Power Co. v. Region Properties, Inc.,* 364 F.Supp. 1273 (W.D.Va.1973).

Removal jurisdiction cannot be predicated upon such a derivative foundation as that presented here.

■ This court is, of course, mindful of the rule that the existence of a federal question depends upon the "real nature of the claim asserted by the plaintiff in his complaint," regardless of a plaintiff's possible efforts to artfully characterize his claim as purely non-federal. *See, e. g., Oquendo v. Dorado Beach Hotel Corp.,* 382 F.Supp. 516 (D.P.R.1974), *Beacon Moving & Storage, Inc. v. Teamsters Local 814,* 362 F.Supp. 442 (S.D. N.Y.1972). Even, however, considering that broader rule, this court is unable to conclude that the case at bar revolves even indirectly around the need to vindicate federal rights. Notwithstanding defense counsel's arguments to the contrary, this case does not appear to fundamentally involve the federally-recognized right to join a labor union, *see AFSCME v. Woodward,* 406 F.2d 137 (8th Cir. 1969), *McLaughlin v. Tilendis,* 398 F.2d 287 (7th Cir. 1968), *Atkins v. Charlotte,* 296 F.Supp. 1068 (W.D.N.C.1969)(three-judge). Plaintiff does not contest that right. This case concerns not that federal right, but rather the alleged rights of labor unions under Georgia law to gain exclusive recognition by a school board. Federal law and federal rights are not, if they are involved at all in this case, at the core of *plaintiff's* cause of action. Accordingly, the petition to remove to federal court cannot stand insofar as it rests upon 28 U.S.C. § 1441.

Defendants also grounded their petition for removal upon 28 U.S.C. § 1443. That statute provides for the removal of an action commenced in state court to the federal district court when that action is:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Defendants claim that they are entitled to remove plaintiff's action to federal court because plaintiff is allegedly abridging defendants' first and fourteenth amendment rights in specific violation of 42 U.S.C. §§ 1981, 1983, and 1985(3).

This court need not, and indeed cannot, reach the merits of the allegations with regard to abridgment of defendants' rights inasmuch as this court concludes that defendants have failed to demonstrate that this case is removable under § 1443, and therefore this court is without jurisdiction over the subject matter thereof.

■■ The key aspect of § 1443 removal is that the state civil or criminal action must arise as the result of someone's being denied, or being prosecuted for the exercise of, his rights "under any law providing for the equal rights of citizens." Even assuming arguendo that the rights asserted in the removal petition are actually in issue in this action, they are not the sort of rights which are recognized as arising under a law providing for equal rights of citizens.[1]

In *Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966), the United States Supreme Court held:

" . . . On the basis of the historical material that is available, we conclude that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law provid-

ing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands. As the Court of Appeals for the Second Circuit has concluded, § 1443 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights . . .' 'When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.' *New York v. Galamison,* 2 Cir., 342 F.2d 255, 269, 271. . . . "

Without need for further elaboration, it is apparent that, under the controlling authority, defendants' reliance on broad assertions of first and fourteenth amendment rights, either directly or through 42 U.S.C. § 1983, is misplaced, and no petition for removal may be predicated thereupon.

■ Defendants' reliance on 42 U.S.C. § 1985(3) is likewise misplaced inasmuch as "the deprivative practices outlawed by section 1985(3) pertain to racial or other class-based conduct aimed at a denial of the equal enjoyment of basic rights." *Dreyer v. Jalet,* 349 F.Supp. 452, 465 (S.D.Tex.1972), *aff'd* 479 F.2d 1044 (5th

---

1. Extending assumptions made arguendo a step further: even if the rights asserted by defendants did satisfy the requirement that they be created by "equal civil rights" statutes, there has been no showing whatever (despite several invitations at the hearing to make such a showing) that defendants could not enforce these rights in the courts of Georgia. 28 U.S.C. § 1443(1).

Cir. 1973).[2] Neither the complaint nor the petition for removal so much as imply that there is an issue of racial or class-based conduct in this litigation, and without even an allegation that there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action", *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), there can be no liability under § 1985(3). Consequently, defendants' efforts to employ that statute to justify § 1443 removability must be rejected.[3]

Finally, defendants allege a violation of their rights pursuant to 42 U.S.C. § 1981. This court has no doubt that this statute is precisely the type envisioned by 28 U.S.C. § 1443 as one providing for "equal civil rights". *Greenwood v. Peacock*, 384 U.S. 808, 825, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). This court is equally free from doubt that § 1981 is a statute which was originally intended to confer upon blacks a civil status equivalent to that enjoyed by whites, *Valle v. Stengel*, 176 F.2d 697 (3d Cir. 1949), that its purpose is to provide equality between persons of different races, and that to predicate an action thereupon a plaintiff must allege a deprivation of a right which under similar circumstances would have been accorded a person of a different race. *Agnew v. Compton*, 239 F.2d 226 (9th Cir. 1957), *cert. denied* 353 U.S. 959, 77 S.Ct.

868, 1 L.Ed.2d 910. *See also McDonald v. Sante Fe Trail Transportation Co.*, 513 F.2d 90 (5th Cir. 1975), and *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 517 F.2d 1141 (4th Cir. 1975). In the absence of even a scintilla of an allegation that race discrimination is at all involved in this case, defendants enjoy no standing to raise claims under § 1981 in support of their removal petition.

It appears then that none of the grounds alleged by defendants to justify the exercise of this court's removal jurisdiction are meritorious. Such being the case, this court now recognizes that it lacks jurisdiction to proceed further in this action and that the temporary restraining order entered October 14, 1975, by which this court assumed jurisdiction to this point in order to decide this very question, must now be dissolved.

Accordingly, this court holds that this case was removed improvidently and without jurisdiction and hereby grants plaintiff's motion to remand the case to state court. 28 U.S.C. § 1447(c). The above-styled action is hereby ordered remanded to the Superior Court of Fulton County, Georgia. The Clerk of the Court is directed to mail a certified copy of the order of remand to the clerk of that state court. It is further ordered, that the temporary restraining order entered by this court on October 14, 1975, is hereby dissolved and is henceforth without force or effect.

---

2. In light of the narrow interpretation accorded to the language in § 1443 referring to laws providing for equal rights, this court notes in passing that it has some question whether 42 U.S.C. § 1985(3) qualifies as such a law, given the Supreme Court's recent reading of "equal protection" and "equal privileges" in that statute to mean "the equal enjoyment of rights secured by the law *to all*" free from all interference. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (emphasis added). That question in the court's mind notwithstanding, it shall be assumed arguendo for purposes of this litigation that § 1985

(3) does fall within the ambit of § 1443. Such an assumption is harmless in view of this court's holding that no claim is in fact here stated under § 1985(3).

3. The only authority of which this court is aware which has attempted to find a class-based animus in a case involving a plaintiff's exercise of his first amendment rights of free expression, *Westberry v. Gilman Paper Co.*, 507 F.2d 206 (5th Cir. 1975), was reversed en banc by the Fifth Circuit, the latter per curiam opinion directing the district court to dismiss the case as moot, "so that it will spawn no legal precedents." 507 F.2d at 215.