**ABINGTON MEMORIAL HOSPITAL**

v.

**BUILDING AND CONSTRUCTION TRADES COUNCIL OF PHILADELPHIA AND VICINITY, AFL–CIO.**

Civ. A. No. 84–1778.

United States District Court,
E.D. Pennsylvania.

April 13, 1984.

---

Alan D. Berkowitz, Jerome A. Hoffman, Dechert, Price & Rhodes, Philadelphia, Pa., for plaintiff.

Bernard N. Katz, Samuel L. Spear, N. Michael Katz, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for defendant.

## SUPPLEMENTARY MEMORANDUM

LOUIS H. POLLAK, District Judge.

Yesterday evening, at a conference in chambers, I determined that it was appropriate to remand to the Court of Common Pleas of Montgomery County the above-captioned matter which had been removed to this court a few hours before. I thereupon signed a Memorandum/Order directing remand. That Memorandum/Order was filed in the Office of the Clerk of this Court this morning, April 13, 1984. The purpose of this Supplementary Memorandum is to explain a little more fully the nature of the suit commenced in the Court of Common Pleas and my reasons for concluding that it was not properly removable to this court.

Plaintiff, Abington Memorial Hospital, commenced this lawsuit in the Court of Common Pleas yesterday, April 12. The defendant is the Building and Construction Trades Council of Philadelphia and Vicinity, AFL–CIO. Plaintiff Hospital in its "Complaint in Equity" alleges that in December of 1983 it awarded a contract to renovate certain in-patient and ancillary care facilities to Wohlsen Construction Company, which was the lowest bidder on the construction contract and which has no collective bargaining agreement with defendant Building and Construction Trades Council. The complaint further alleges that the Council's business manager, Pat Gillespie, has characterized Wohlsen as, from a union perspective, a "cancer" and has announced that in view of plaintiff's award of a con-

tract to Wohlsen "we [the Council] are about to embark on a demonstration against Abington Hospital." That "demonstration," according to the complaint, was to commence tomorrow morning, April 14, with "mass picketing" by between 500 and 1,000 pickets who are expected "to encircle the hospital." The complaint seeks an injunction directed at the Council, which would (1) specify limits as to the numbers of pickets patrolling various sites adjacent to the hospital, and (2) define the manner of such picketing.

Within a matter of hours after the filing of the complaint in the Court of Common Pleas, the defendant Council removed the matter to this court. Such removal was predicated on 28 U.S.C. § 1441, subsection (a) of which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Immediately after this matter was removed, plaintiff Hospital filed a motion to remand. The motion argues that the Hospital's lawsuit against the Council is not one with respect to which this court has original jurisdiction and hence falls outside the purview of 28 U.S.C. § 1441.

No claim is made that this is a diversity suit. The jurisdictional grounds relied on by defendant in its petition for removal are 28 U.S.C. §§ 1337 and 1343 and 29 U.S.C. §§ 185 and 187. I have concluded that, viewing this case in the light of plaintiff's complaint, none of the cited statutory provisions confers original jurisdiction of this lawsuit on this court.

### I.

28 U.S.C. § 1343 gives federal district courts original jurisdiction over lawsuits to redress deprivations of federal civil rights. It is defendant Council's position that no "mass picketing" is contemplated tomorrow, but rather that the Council intends to

have a "parade" followed by a rally in a parking lot some distance from the hospital and that all of this projected activity has been cleared with the local police who have issued the required permit. Therefore, so the Council contends, the injunction sought by the Hospital would curtail First Amendment rights of the Council and its members and adherents. Assuming *arguendo* that plaintiff's characterization of Council's projected demonstration as "mass picketing" is erroneous, and that the Council does in fact only contemplate a peaceful and hence constitutionally protected, rally expressing its concern over Wohlsen's allegedly substandard and non-union labor policies, the Council can raise its First Amendment claims as a matter of defense in the Court of Common Pleas. The Court of Common Pleas, like every state court throughout the United States, is bound by the supremacy clause to be guided by the paramount Constitution and laws of the United States.

If a federal question is not apparent on the face of the well-pleaded complaint filed in a state court, a federal court has no original jurisdiction over the matter. The fact that it may be fairly predictable that a complaint will prompt a defendant to assert a federal claim in a responsive pleading does not change the posture of the lawsuit, since state courts are both competent and obligated to adjudicate federal questions which are properly raised. A federal claim raised in defense against a non-federal cause of action is not a vehicle for circumventing, through removal, the authority of a state court.

### II.

28 U.S.C. § 1337 confers on federal district courts original jurisdiction of civil actions arising under any federal statute regulating commerce. The federal statute here relied on by defendant Council is the Labor Management Relations Act—most particularly 29 U.S.C. §§ 185 and 187.

Section 301 of the Act, 29 U.S.C. § 185, creates federal district court jurisdiction over lawsuits "for violation of con-

tracts between an employer and a labor organization representing employees in an industry affecting commerce..." Since the complaint in this case cannot by any stretch of the imagination be characterized as a suit for violation of a collective bargaining agreement or any other contract, 29 U.S.C. § 185 may be put aside.

■ The final question is whether this court has original jurisdiction based on section 303(b) of the Act, 29 U.S.C. § 187(b). That section confers authority on federal; and state courts to entertain a civil suit against a labor union for conduct allegedly violating section 8(b)(4) of the Act, 29 U.S.C. § 158(b)(4), when such suit is brought by a plaintiff "injured in his business or property" who seeks to "recover the damages by him sustained."

The complaint filed by the Hospital in the Court of Common Pleas attributes to the Council a course of conduct which may arguably be said to violate one or another aspect of the vast domain of unfair labor practices condemned by Section 8(b)(4).[1] But the complaint filed in the Court of Common Pleas does not seek damages (nor could it since the Council is not alleged to have acted to the Hospital's detriment up to this time); the complaint only seeks injunctive relief. I have no authority to entertain such a lawsuit when brought by a private party. *See Ralphs Grocery Co. v. Meat Cutters Union Local No. 421*, 360 F.Supp. 548 (C.D.Cal.1973); *City of Galveston v. International Organization of Masters, Mates & Pilots*, 338 F.Supp. 907 (S.D. Tex.1972); *Douglas v. International Brotherhood of Electrical Workers Un-*

---

1. Section 8(b)(4) provides:

(b) It shall be an unfair labor practice for a labor organization or its agents—

    \*     \*     \*     \*     \*     \*

(4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

(A) forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any agreement which is prohibited by subsection (e) of this section;

(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;

(C) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his em-

ployees if another labor organization has been certified as the representative of such employees under the provisions of section 159 of this title;

(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work:

*Provided,* That nothing contained in this subsection shall be construed to make unlawful a refusal by any person to enter upon the premises of any employer (other than his own employer), if the employees of such employer are engaged in a strike ratified or approved by a representative of such employees whom such employer is required to recognize under this subchapter: *Provided further,* That for the purposes of this paragraph (4) only, nothing contained in such paragraph shall be construed to prohibit publicity, other than picketing, for the purpose of truthfully advising the public, including consumers and members of a labor organization, that a product or products are produced by an employer with whom the labor organization has a primary dispute and are distributed by another employer, as long as such publicity does not have an effect of inducing any individual employed by any person other than the primary employer in the course of his employment to refuse to pick up, deliver, or transport any goods, or not to perform any services, at the establishment of the employer engaged in such distribution.

*ion, Local 498*, 136 F.Supp. 68 (W.D.Mich. 1955). This court's authority to enjoin conduct which allegedly violates section 8(b)(4) and cognate sections of the Act is confined to situations in which the National Labor Relations Board petitions this court for appropriate relief following the filing of a charge with the Board, § 10(*l*), 29 U.S.C. § 160(*l*), or following the subsequent issuance of a complaint by the Board. § 10(j), 29 U.S.C. § 160(j). *See Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076 (3d Cir.1984). *Cf.* § 10(f), 29 U.S.C. § 160(f).

It is for the foregoing reasons that in the Memorandum/Order filed today, I directed that this matter be remanded to the Court of Common Pleas of Montgomery County.