Harold **SNYDER**

v.

**SUN OIL COMPANY OF PENNSYLVANIA.**

Civ. A. No. 75–3398.

United States District Court, E. D. Pennsylvania.

March 11, 1976.

---

Joseph R. McFadden, Jr., Kassab, Cherry & Archbold, Media, Pa., for plaintiff.

J. Anthony Messina, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This suit was started in the Court of Common Pleas of Delaware County, in equity. Defendant removed the action to this court and plaintiff has moved to remand. We will grant the motion.

Plaintiff was or is an employee of defendant. He suffered an injury, unrelated to his work. His suit seeks to invoke the equity power of the court to compel the defendant to provide him with medical benefits and life insurance. Defendant contends that the action is based on a collective bargaining agreement, that it falls under § 301 of the Labor Man-

agement Relations Act, 29 U.S.C. § 185, and that we therefore have federal question jurisdiction, 28 U.S.C. § 1441(b).

■ The difficulty with defendant's position is that no federal jurisdiction appears from the face of the complaint, as it must to warrant removal. Pennsylvania Rule of Civil Procedure 1019 provides in material part:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof * * *."

■ The complaint here makes no mention of a collective bargaining agreement. There is no agreement attached as an exhibit to the complaint. Plaintiff nowhere alleges the source of any obligation on the part of defendant to supply life insurance and medical benefits. There is no reference in the complaint to any terms of any agreement. Given the present posture of the pleadings and the Pennsylvania Rules of Civil Procedure, the predicate of this action is not and cannot be a collective bargaining agreement. This being so, and there being no other basis for federal jurisdiction, the motion to remand must be granted.