Edward I. COULSTON

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, et al.**

No. 76–2788.

United States District Court, E. D. Pennsylvania.

Dec. 15, 1976.

---

39. See discussion at pp. 877–878, *supra.*

Elliott D. Goldberg, Phoenixville, Pa., Lawrence Evans Grant, Paoli, Pa., for plaintiff.

Mark P. Muller, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This action was originally filed in the Court of Common Pleas of Chester County, Pennsylvania. Defendants petitioned to remove the action to this Court pursuant to 28 U.S.C. § 1441 and posted the bond required by 28 U.S.C. § 1446. In response, plaintiff filed a motion to remand the action to state court pursuant to 28 U.S.C. § 1447(c). Therefore, the sole issue for determination is whether this case should be remanded to the state court.

The complaint alleges that plaintiff is an independent trucking hauler who was engaged in leasing vehicles to Kulp and Gordon, Inc. It further alleges that Kulp and Gordon, Inc., had entered into a Collective Bargaining Agreement with the defendant, Local 384, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter "Union"). Plaintiff, in his complaint, seeks damages against the Union and its business agent, Ray J. Pesta, for the alleged common-law tort of malicious interference with plaintiff's contractual relationship with Kulp and Gordon, Inc.

The removal statute, 28 U.S.C. § 1441, provides in part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, in order to remove a civil action from the state court pursuant to this statute, the District Court of the United States must have original jurisdiction of the action.

The defendants, in their Amended Petition for Removal, assert that the plaintiff's claim "is one over which the United States District Court for the Eastern District of Pennsylvania has original and exclusive jurisdiction under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and/or § 303 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 187 . . ." Plaintiff's complaint makes no mention of any such cause of action. Defendants contend, however, that the facts pleaded in the complaint "allege a violation of the 'unfair labor practice' provisions, more specifically the secondary boycott provisions contained in Section (8)(b)(4)(i)(B) of the National Labor Relations Act 29 U.S.C. § 158."

It is well established that federal question jurisdiction must appear on the face of the complaint in order to remove a legal action form the state court to the federal court pursuant to 28 U.S.C. § 1441. *La Chemise Lacoste v. Alligator Co., Inc.,*

506 F.2d 339, 343 (3d Cir. 1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). " '[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.' " *Id.* at 344, citing *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). *See also Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974). "If the federal question arises only as a defense . . . removal jurisdiction will not exist." *PAAC v. Rizzo,* 502 F.2d 306, 313 (3d Cir. 1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).

■ Looking to the complaint, this Court finds that plaintiff's claim is based solely upon a state cause of action, the common-law tort of malicious interference with a contract. We find *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) highly persuasive authority. In that case, one of plaintiff's allegations against the defendant union was that of " 'unlawful conspiracy and an unlawful boycott aimed at him . . . to maliciously, wantonly and willfully interfere with his contract of employment and with his contract of haulage.' " *Id.* at 1136. In holding that *pendent* jurisdiction over this claim was proper, the Court stated that while "the allowable scope of the state claim implicates the federal doctrine of pre-emption . . . *this interrelationship does not create statutory federal question jurisdiction.*" Id. at 1139. (emphasis supplied). Whenever the plaintiff has a remedy under both state and federal law, he may base his claim in the state court solely upon the state law and thus prevent removal to the federal court in the absence of diversity of citizenship. *Coditron Corp. v. AFA Protective Systems, Inc.,* 392 F.Supp. 158 (D.C.N.Y.1975); *Beacon Moving and Storage v. Local 814, International Brotherhood of Teamsters,* 362 F.Supp. 442 (D.C.N.Y.1972).

The defendants contend, however, that the facts alleged in plaintiff's complaint set forth a violation of the unfair labor practice provisions, more specifically, the secondary boycott provisions of the National Labor Relations Act, and that Congress has preempted this field so that plaintiff's only cause of action is under federal law. The plaintiff has alleged a state cause of action. As stated in *Beacon Moving and Storage, Inc. v. Local 814, International Brotherhood of Teamsters,* 362 F.Supp. at 445:

Defendant argues that the substance of plaintiff's complaint sounds in a 29 U.S.C. § 158(b)(4) ('unfair labor practice') violation, an area of controversy preempted by federal law. . . . [W]here removal is attempted, the federal court must remand and the issue of whether an 'unfair labor practice' is the real nature of the complaint must be resolved in the state court.

Hence, whether the plaintiff has pleaded a cause of action under Pennsylvania law is not a matter for determination by this Court in connection with the motion to remand. The question of whether the plaintiff has pleaded a cause of action under Pennsylvania law is one to be raised in and decided by the State Court to which we will remand.