DRIVERS, CHAUFFEURS & HELPERS
LOCAL UNION NO. 639, etc.,
Plaintiff,

v.

SEAGRAM SALES CORPORATION,
et al., Defendants.

Civ. A. No. 81–1890.

United States District Court,
District of Columbia.

Dec. 22, 1981.

---

Oliver Denier Long, Bethesda, Md., for plaintiff.

James S. Frank, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

### I. *Preliminary Statement*

This action is before the Court on plaintiff's Motion to Remand to the Superior Court for the District of Columbia. Also before the Court are defendants' Cross-Motion to Dismiss and plaintiff's Motion for a Protective Order.

Upon consideration of the submissions of the parties the Court has determined that this Court lacks jurisdiction to hear plaintiff's complaint and accordingly that a remand is required. In view of that conclusion, the Court does not reach the Cross-Motion to Dismiss or the Motion for Protective Order.

### II. *Background*

Prior to August 15, 1980, plaintiff Drivers, Chauffeurs & Helpers Local Union No. 639 ("Local 639") represented the employees of Capitol City Liquor Corporation ("CCLC") under the terms of certain collective bargaining agreements between it and CCLC. Defendant Chester Carter was the president of CCLC and defendant Roy Kinsey was its attorney.

On August 15, 1980, CCLC ceased operations and terminated its business. Thereafter on August 22, 1980, CCLC and Local 639 signed an agreement which terminated the collective bargaining agreements between them. The termination agreement also provided for certain "severance" benefits for the former CCLC employees represented by Local 639.

At all times pertinent hereto, Local 639 had a master collective bargaining agreement with the D.C. Liquor Wholesalers Association. (Plaintiff's Motion for a Protective Order, Exhibit C, pp. 65–66). Prior to the termination of its business, CCLC was a signatory to that master agreement. (*Id.*, Exhibit B, p. 6). Forman Brothers, Inc. ("Forman"), another liquor dealer in the District of Columbia, is presently a signatory to the master agreement.[1] The master agreement includes a grievance and arbitration procedure. It also apparently provides that if one signatory to the agreement succeeds to the business of another signatory, the employees of the defunct signatory will be entitled to the protection of the master

---

1. Forman Brothers, Inc. is not a party to this action.

agreement between the successor and Local 639. (*Id.*, Exhibit B, pp. 7–10).

On September 5, 1980, Local 639 filed a grievance against Forman alleging that CCLC had not in fact terminated its business but rather had sold the business to Forman and that accordingly the former employees of CCLC were entitled to the protection of the master agreement between Local 639 and Forman.

Following the filing of that grievance, Local 639 twice asked CCLC, through its attorney Kinsey, to furnish Local 639 with certain information regarding the "termination" of CCLC's business. Kinsey refused to provide the requested information.

In April 1981, Local 639 filed a charge with the National Labor Relations Board ("the Board") alleging *inter alia* that CCLC's refusal to furnish the information constituted an unfair labor practice within the meaning of § 8(a)(1) and (5) of the National Labor Relations Act. 29 U.S.C. § 158(a)(1) and (5). That charge is still pending before the Board.

Arbitration of Local 639's grievance against Forman commenced in July, 1981. During the course of the arbitration, the arbitrator issued subpoenas to defendants Carter, Kinsey and Seagram Sales Corporation directing them to produce certain information regarding the "termination" of CCLC's business, much of which was identical to the information at issue before the Board. It is to be noted that none of the defendants in the action before this Court— neither Carter, nor Kinsey, nor Seagram Sales Corporation—are parties to the Forman arbitration.

When the defendants refused to provide the arbitrator with the information, Local 639 filed this action in the Superior Court of the District of Columbia seeking enforcement of the arbitrator's subpoenas pursuant to the District of Columbia Uniform Arbitration Act. D.C.Law 1–117 (1977). The

Uniform Arbitration Act provides for the issuance of subpoenas by an arbitrator to non-party witnesses at an arbitration proceeding, to compel their testimony of the production of documents. D.C.Law 1–117 § 8(a) (1977). The Act also authorizes either the arbitrator or a party to seek enforcement of the subpoenas in the Superior Court in the event of noncompliance. *Id.* at § 8(a).

Defendants removed the action from the Superior Court to this Court pursuant to 28 U.S.C. § 1441(b) in August, 1981. Plaintiff's Motion to Remand was filed shortly thereafter.

### III. *Discussion*

Plaintiff argues that removal was improper because the complaint raises no question of federal law, rather it merely seeks enforcement of an arbitrator's subpoenas issued pursuant to a District of Columbia statute. Defendants counter that since the arbitration proceeding involves a collective bargaining agreement, an action to enforce subpoenas arising from it necessarily implicates federal labor law. In addition, the defendants assert that the Board has exclusive jurisdiction over disputes involving the failure to furnish information relevant to the collective bargaining process, and thus the action to enforce the subpoenas is preempted by the action before the Board. Plaintiff responds that preemption is an affirmative defense and therefore cannot form the basis of federal question jurisdiction for purposes of removal.

For the reasons stated below we agree with the plaintiff.

The federal question which is the predicate for removal must be disclosed on the face of the complaint, unaided by the answer or the petition for removal.[2] *Gully v. First National Bank in Meridian*, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Schultz v. Coral Gables Federal Sav. & Loan Ass'n*, 505 F.Supp. 1003, 1008 (S.D.Fla.

---

2. Although the complaint is the sole source from which the existence of a federal question may be ascertained, the Court may resort to the answer or the petition for removal to gather information regarding such "factual" matters as the status of the defendant or the interstate character of the activity in issue. Wright, Miller & Cooper, *Federal Practice and Procedure*, §§ 3734, 3722 n.33 and cases cited therein (1976).

1981); 1A *Moore's Federal Practice* ¶ 0.160 n.12 (1981). Nevertheless, the Court must carefully examine the complaint to determine if a federal claim is necessarily presented, even if the plaintiff has couched his pleadings exclusively in terms of state law. *In Re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. den.*; 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). *Schultz v. Coral Gables Federal Sav. & Loan, supra*; Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3722 nn.37–39 (1976). 1A *Moore's Federal Practice* § 0.160, n.16 (1981).

The defendants contend that the complaint presents a federal question under § 301 of the Labor Management Relations Act of 1947. 29 U.S.C. § 185(a) (1976) ("LMRA"). Section 301 grants federal courts original jurisdiction over "suits for violation of contracts between an employer and the labor organization representing [his] employees." [3] Thus, removal is permitted pursuant to 28 U.S.C. § 1441(b) where the complaint presents a proper § 301 claim. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

 However, as we read the plaintiff's complaint, it cannot be characterized as a "suit for violation of" a collective bargaining agreement as required by § 301. The defendants here are not parties to the collective bargaining agreement at issue before the arbitrator. Moreover, the complaint nowhere mentions a collective bargaining agreement. At best, the collective bargaining agreement is no more than a "backdrop of the plaintiff's claim." *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 960 (3rd Cir. 1980). In the absence of any mention of a collective bargaining agreement in the complaint, this Court has no jurisdiction under § 301 of the LMRA. *In Re Carter, supra*, at 1104; *City of Galveston v. Int'l Org. of Masters, Mates & Pilots*, 338 F.Supp. 907 (S.D.Tex.1972).

 Nor can jurisdiction be predicated on defendants' claim of preemption. Defendants' preemption claim rests on the assertion that the Board has exclusive jurisdiction over the matter in dispute.[4] As such, it is an affirmative defense, upon which removal jurisdiction may not be based. *Gully v. First National Bank in Meridian, supra; Schultz v. Coral Gables Federal Sav. & Loan Ass'n, supra; Long Island R. Co. v. United Transportation Union*, 484 F.Supp. 1290, 1293 (S.D.N.Y.1980); *Coulston v. Int'l Brotherhood of Teamsters*, 423 F.Supp. 882 (E.D.Pa.1976).

## IV. *Conclusion*

The Court finds that it is without jurisdiction to hear this action. Accordingly, it is this 22nd day of December, 1981.

ORDERED that this action be remanded to the Superior Court of the District of Columbia; and it is

FURTHER ORDERED that each party shall bear its costs incurred in relation to this motion.

---

**3.** Section 301 provides:
 (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined by this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185.

**4.** Defendants do not claim that the federal courts have exclusive jurisdiction over § 301 suits, nor could they since state courts have concurrent jurisdiction over such actions. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

 The Board may well have exclusive jurisdiction over this matter. *See: San Diego Buildings Trades v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). We, of course, make no finding on that issue.
 However, even if the Board has exclusive jurisdiction over the matter, we would have to remand the action to Superior Court. *City of Galveston v. Int'l Org. of Masters, Mates & Pilots, supra; Jay Foods, Inc. v. Local No. 1, American Bakery & Confectionary Wrkrs. Union*, 255 F.Supp. 822 (N.D.Ill.1966); *Gwaltney Bros., Inc. v. Marion Cty. Bldg. Trades Council*, 175 F.Supp. 790 (S.D.Ind.1959); 1A Moore's Federal Practice ¶¶ 0.160 n.25, 0.167[7], 0.169[1] (1981).