Joseph F. BOYLE, Plaintiff,

v.

Helen B. O'BANNON, Secretary Department of Public Welfare, Commonwealth of Pennsylvania and Mill Memorial Library, Defendants.

Civ. No. 81–1319.

United States District Court,
M. D. Pennsylvania.

Jan. 14, 1982.

Joseph F. Boyle, pro se.

Stephen B. Killian, Wilkes-Barre, Pa., for defendant Mill Memorial Library.

Maura A. Johnston, Deputy Atty. Gen., Harrisburg, Pa., for defendant O'Bannon.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Plaintiff, proceeding *pro se*, initiated this action on December 22, 1981 pursuant to 42 U.S.C. § 1983 (1976) seeking injunctive relief against the named Defendants. The gravamen of his Complaint relates to an alleged conspiracy between the Defendants and certain magazine publishers to deprive Plaintiff of access to "factual editions" of Time, Newsweek and U. S. News & World Reports and to supply him only with editions containing "non factual" reports of stories and events. Plaintiff paid the required filing fee and the Defendants were duly served with the Complaint. On December 22, 1981 Defendant Mill Memorial Library filed a motion to dismiss accompanied by a supporting brief. On January 6, 1982 Defendant O'Bannon filed an Answer to the Complaint. Plaintiff Boyle has filed

a brief in opposition to the motion to dismiss along with a request for production of documents under Fed.R.Civ.P. 34. For the reasons set forth below, we will dismiss this action *sua sponte* for lack of subject-matter jurisdiction.[1]

██ Jurisdiction is essentially the authority conferred by Congress upon the Courts to decide a given type of case one way or the other. *The Fair v. Kohler Die Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Federal district courts are granted original jurisdiction under 28 U.S.C. § 1343(3) "[t]o redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights." However, not every case which alleges jurisdiction under this statutory provision presents an instance for the district court to decide the controversy; the federal claim asserted must be a "substantial" one. See *McLucas v. DeChamplain*, 421 U.S. 21, 28, 95 S.Ct. 1365, 1370, 43 L.Ed.2d 699 (1975); *Baker v. Carr*, 369 U.S. 186, 199, 82 S.Ct. 691, 700, 7 L.Ed.2d 663 (1962). The requirement of substantiality does not refer to the value of the interests at stake but to whether there is any legal substance to the position the Plaintiff is presenting. 13 C. Wright & A. Miller, *Federal Practice and Procedure*, § 3564 at 426 (1975). The "constitutionally insubstantial" doctrine originated with the enactment of section 5 of the Act of March 3, 1875, ch. 137, § 5, 18 Stat. 472, which stated that if a suit filed in a federal court "does not really and substantially involve a dispute or controversy within the jurisdiction" of the court, the court shall dismiss the action.[2]

---

1. While this ground has not been clearly advanced by either Defendant in response to Plaintiff's Complaint, nevertheless, it is well established that a district court may dismiss an action *sua sponte* for lack of subject-matter jurisdiction. *Franklin v. State of Oregon, Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981); *California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974).

2. In the 1948 revision of the United States Code, the revisers eliminated this provision as unnecessary because "[a]ny court will dismiss a case not within its jurisdiction when its attention is drawn to the fact, or even on its own motion." 28 U.S.C. § 1359 (1976) (Historical and Revision Notes); see P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's*

In *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), the Supreme Court traced the history and scope of the "substantiality" doctrine:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely ·devoid of merit," *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 [24 S.Ct. 553, 557, 48 L.Ed. 795] (1904); "wholly insubstantial," *Bailey v. Patterson*, 369 U.S. 31, 33 [82 S.Ct. 549, 550, 7 L.Ed.2d 512] (1962); "obviously frivolous," *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); "plainly unsubstantial," *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); or "no longer open to discussion," *McGilvra v. Ross*, 215 U.S. 70, 80 [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909). 415 U.S. at 536–37, 94 S.Ct. at 1378–1379.

Thus, under *Hagans*, dismissal is warranted when the claim is (1) foreclosed by prior cases which have settled the issue one way or another, (2) wholly insubstantial or obviously frivolous, or (3) so patently without merit as to require no meaningful consideration. *Wiley v. NCAA*, 612 F.2d 473, 477 (10th Cir. 1979) *cert. denied*, 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798 (1980); *Franklin v. State of Oregon, Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981); *see also Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–2629, 57 L.Ed.2d 595 (1978). It is the latter two aspects of the *Hagans* standard which we deem to be relevant in the instant circumstances. Specifically, after a thorough review of all the documents submitted by Plaintiff in this action, the Court finds that the claims alleged therein are "obviously frivolous" and "patently without merit." *Wiley v. NCAA, supra*, 612 F.2d at 477. Besides being be-

---

The *Federal Courts and the Federal System* at 836–37 (2d ed. 1973).

**3.** In view of our holding today dismissing this action, Defendants need not respond to the

yond credulity, it is also apparent that the factual allegations set forth in the Complaint fail to demonstrate that any clearly defined constitutional right of Plaintiff has been violated. Accordingly, since we conclude that Plaintiff's claim is "wholly insubstantial", this action will be dismissed for lack of subject matter jurisdiction.[3]

discovery request of Plaintiff for production of documents. Also, Plaintiff's motion for oral argument, filed January 11, 1982, is denied.