567 F.Supp. 304 (1983)
Dorothy Kay MARTIN, Plaintiff,
v.
WILKES-BARRE PUBLISHING COMPANY and Richard L. Connor, Defendants.
Civ. No. 83-0680.
United States District Court, M.D. Pennsylvania.
July 1, 1983.
*305 Solomon Lubin, Wilkes-Barre, Pa., for plaintiff.
Richard Goldberg, Wilkes-Barre, Pa., R. Eddie Wayland, Nashville, Tenn., for defendants.

MEMORANDUM AND ORDER
CONABOY, District Judge.
This action was originally filed in the Court of Common Pleas of Luzerne County, Pennsylvania on or about April 15, 1983. On May 20, 1983, the Defendants filed a petition for removal of the case to this Court pursuant to 28 U.S.C. § 1441(b) and (c).[1] The Plaintiff then filed an Answer to Defendants' Petition for Removal and a supporting memorandum of law. By Memorandum and Order filed June 16, 1983, the Court informed the litigants that it would treat the Plaintiff's submissions as a motion to remand the case to state court and should therefore be appropriately briefed in accordance with the Local Rules of Court. Additionally, the Court directed the Defendants to amend their petition for removal to "clearly set forth the specific federal constitutional and/or statutory provisions" relied upon as a basis for removal so that the Court would be in a position "to plainly determine if it is appropriate to retain all, part of none of this action in federal court." See Document # 8 at 3. The parties have complied with the Court's directive and thus the issue of the propriety of removal in this case is now ripe for disposition. After careful consideration of the present record in conjunction with the applicable principles of law and policy governing the statutory right of removal to federal court, we conclude that removal was improper here; accordingly, we will remand the entire case to its original situs of filing, the Court of Common Pleas of Luzerne County, Pennsylvania.

I
The Plaintiff's state court Complaint consists of two causes of action, one in assumpsit and a second in trespass. The assumpsit cause of action alleges that the Defendant Wilkes-Barre Publishing Company (hereinafter the Company) breached the terms of an employment contract it had entered into with the Plaintiff by dismissing her for *306 placing business advertisements in a rival newspaper. Complaint, ¶¶ 18-19.
The trespass cause of action is divided into two counts. The first count is against the Company alone and alleges the state law tort of wrongful discharge from employment. See Geary v. United States Steel Corporation, 456 Pa. 171, 319 A.2d 174 (1974); Yaindl v. Ingersoll-Rand Co., 281 Pa.Super. 560, 422 A.2d 611 (1980); Bruffet v. Warner Communications, Inc., 692 F.2d 910 (3d Cir.1982); Paranich v. Metropolitan Life Ins. Co., Civ. No. 82-1551 (M.D.Pa. June 14, 1983). Under Pennsylvania law, it has recently been recognized that "when the discharge of an employee-at-will threatens public policy, the employee may have a cause of action against the employer for wrongful discharge." Yaindl v. Ingersoll-Rand, supra, 281 Pa.Super. at 571, 422 A.2d 611 (emphasis added). See also Hunter v. Port Authority of Allegheny County, 277 Pa.Super. 4, 419 A.2d 631 (1980); Reuther v. Fowler & Williams, Inc., 255 Pa.Super. 28, 386 A.2d 119 (1978); Perks v. Firestone Tire & Rubber Co., 611 F.2d 1363 (3d Cir.1979); Molush v. Orkin Exterminating Co., Inc., 547 F.Supp. 54 (E.D.Pa.1982). In Count I of her trespass cause of action, the Plaintiff alleges that her discharge from employment was "wrongful and contrary to public policy" in that, inter alia, the Company's actions violated the First Amendment to the United States Constitution and also Article I, Sections 1 and 7 of the Pennsylvania Constitution. Complaint, ¶ 22.
The second count of the Plaintiff's trespass cause of action is also a state law claim charging the Company and Richard L. Connor with wrongful interference with the Plaintiff's employment contract and other business interests. Complaint, ¶¶ 25-27.

II
As previously noted, both Defendants have petitioned to remove this case to federal court pursuant to 28 U.S.C. § 1441. They contend that removal is proper under that provision since the Court would have original jurisdiction of the subject-matter of this action pursuant to 28 U.S.C. § 1331 because it involves a "federal question." Specifically, the grounds asserted by the Defendants to support federal question jurisdiction here are: (1) the Plaintiff's allegation in her Complaint of a violation of the First Amendment of the United States Constitution; and (2) the preemption by federal labor law of the Plaintiff's state law claims.
We emphasize at the outset, as we did in our previous Memorandum in this case,[2] that the district court may and should always determine sua sponte whether its subject-matter jurisdiction has been properly invoked by a removal petitioner. 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction, § 3739 at 756-57 (1976) and cases cited therein at n. 4; see Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir.1980). Such an inquiry is necessary since the Supreme Court has forcefully adjured strict construction of the federal statutory removal procedure:
Not only does the language of the [removal statute, 28 U.S.C. § 1441] evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Healy v. Ratta, 292 U.S. 263, 270 [54 S.Ct. 700, 703, 78 L.Ed. 1248].
Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). See also American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. *307 534, 538, 95 L.Ed. 702 (1951); Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania, 605 F.2d 119, 123 (3d Cir.1979), cert. denied, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980); La Chemise Lacoste v. Alligator Co., Inc., 506 F.2d 339, 344 (3d Cir.1974), cert. denied, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975).
The general rules governing removal in an alleged "federal question" case such as this were well stated in Schultz v. Coral Gables Federal Savings & Loan Association, 505 F.Supp. 1003, 1008 (S.D.Fla. 1981) as follows:
First, federal law must be an "essential" element of the plaintiff's cause of action. Gully v. First National Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Second, the federal question which is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Id. at 113, 57 S.Ct. at 98. As a general rule then, plaintiff's state court pleadings control removability. See Paxton v. Weaver, 553 F.2d 936 (5th Cir.1977). Artful pleading cannot, however, be used to conceal an essentially federal claim.... [T]he accepted rule is that upon removal the court should inspect the complaint carefully to determine whether a federal claim is necessarily presented by plaintiff, even if plaintiff has couched his pleadings exclusively in terms of state law. See In Re Carter, 618 F.2d 1093, 1101 (5th Cir.1980). Third, the federal question may not be inferred from a defense asserted or one expected to be made. See Gully, supra, 299 U.S. at 113, 57 S.Ct. at 98. Fourth, the federal question raised must be a "substantial" one. Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). Finally, the party seeking removal bears the burden of satisfying each of these preconditions. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974); Wolgin v. State Mut. Investors, 442 F.Supp. 974, 975 (E.D.Pa.1977).
See also People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 575-76 (7th Cir.), cert. denied, ___ U.S. ___, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843, 849-50 (8th Cir.1980); PAAC v. Rizzo, 502 F.2d 306, 312-13 (3d Cir.1974), cert. denied, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975). With the above principles of law and policy in mind, we will now consider in turn the two grounds alleged by the Defendants to confer federal question jurisdiction of the Court over this matter.

A
By alleging that her discharge from employment was wrongful because her First Amendment freedoms under the United States Constitution were infringed by the Company, the Plaintiff has apparently satisfied the first three prerequisites for removal, i.e., federal law is an essential or direct element of the claim, it appears on the face of the complaint, and does not arise or is not inferred from a defense. The final factor which must be present, however, is that the asserted federal question must be a "substantial" one. PAAC v. Rizzo, supra, 502 F.2d at 312; see Hagans v. Lavine, supra. See also Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 70-71, 98 S.Ct. 2620, 2628-29, 57 L.Ed.2d 595 (1978); McLucas v. DeChamplain, 421 U.S. 21, 28, 95 S.Ct. 1365, 1370, 43 L.Ed.2d 699 (1975). "The requirement of substantiality does not refer to the value of the interests at stake but to whether there is any legal substance to the position the Plaintiff is presenting." Boyle v. O'Bannon, 543 F.Supp. 66, 67 (M.D.Pa.1982); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction, § 3564 at 426 (1975). In Hagans v. Lavine, supra, the Supreme Court defined the jurisdictional requirement of "substantiality"[3] as follows:

*308 Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 [24 S.Ct. 553, 557, 48 L.Ed. 795] (1904); "wholly insubstantial," Bailey v. Patterson, 369 U.S. 31, 33 [82 S.Ct. 549, 551, 7 L.Ed.2d 512] (1962); "obviously frivolous," Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); "plainly unsubstantial," Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); or "no longer open to discussion," McGilvra v. Ross, 215 U.S. 70, 80 [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909).
415 U.S. at 536-37, 94 S.Ct. at 1378-79. See Franklin v. State of Oregon, Welfare Division, 662 F.2d 1337, 1342 (9th Cir.1981); Wiley v. NCAA, 612 F.2d 473, 477 (10th Cir.1979), cert. denied, 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798 (1980). Similarly, in PAAC v. Rizzo, supra, our Court of Appeals noted that so long as "the federal claim is material ... and is not rendered frivolous by prior case law, a federal question will exist...." 502 F.2d at 312. See Bell v. Hood, supra, 327 U.S. at 682-83, 66 S.Ct. at 776.
The First Amendment to the United States Constitution provides, in pertinent part, that: "Congress shall make no law ... abridging the freedom of speech, or of the press...." (emphasis added). This constitutional provision is also applicable to the states through the Fourteenth Amendment. Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940); see Widmar v. Vincent, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440 (1981). Accordingly, while certain federal statutes may "govern action by private parties making personnel decisions, it is fundamental that the First Amendment prohibits governmental infringement on the right of free speech." Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982) (emphasis added). Thus, in Lloyd Corporation v. Tanner, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972) the Court clearly admonished that "it must be remembered that the First and Fourteenth Amendments safeguard the rights of free speech and assembly by limitations on state action, not on action by the owner of private property used nondiscriminatorily for private purposes only." Id. at 567, 92 S.Ct. at 2228 (emphasis by court). More recently, in Hudgens v. NLRB, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976), the Supreme Court observed:
It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state.... Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself.
Id. at 513, 96 S.Ct. at 1033 (citation omitted). See Columbia Broadcasting System, Inc. v. Democratic National Committee, 412 U.S. 94, 114, 93 S.Ct. 2080, 2092, 36 L.Ed.2d 772 (1973); Public Utilities Commission v. Pollak, 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952). The significance of the essential dichotomy in these federal constitutional amendments between deprivation *309 by the state or federal government, subject to scrutiny under their provisions, and private conduct, against which the amendments offer no protection, was explained recently by the Supreme Court in Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982):
As a matter of substantive constitutional law the state action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by government," Flagg Brothers [Inc. v. Brooks], supra, [436 U.S. 149 at 156, 98 S.Ct. 1729 at 1733, 56 L.Ed.2d 185]....
* * * * * *
Careful adherence to the "state action" requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed. A major consequence is to require the courts to respect the limits of their own power as directed against state governments and private interests. Whether this is good or bad policy, it is a fundamental fact of our political order.
See generally Blum v. Yaretsky, ___ U.S. ___, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883).
In the instant case, it is apparent that the alleged infringement of the Plaintiff's federal constitutional rights is not fairly attributable to the state or federal government; indeed, quite to the contrary, the conduct complained of is solely that of two private actors, an individual and a corporation. Consequently, applying the above well-settled principles of law regarding the scope of the First Amendment's prohibitions, it is patently clear that the federal cause of action alleged in the Plaintiff's Complaint under that amendment is a "constitutionally insubstantial" one. Since there is no allegation or evidence of governmental action involved here, we conclude that the Plaintiff's First Amendment claim falls within that narrow category of purported federal question cases to which previous unimpeachable decisions unanimously "foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933), quoting from Hannis Distilling Co. v. Baltimore, supra, 216 U.S. at 288, 30 S.Ct. at 327. It is therefore one which is "wholly insubstantial," Bailey v. Patterson, supra, "obviously frivolous," Hannis Distilling Co. v. Baltimore, supra, and "no longer open to discussion," McGilvra v. Ross, supra. See Hagans v. Lavine, supra, 415 U.S. at 536-37, 94 S.Ct. at 1378-79.
In sum, the Court finds that the first ground relied upon by the Defendants to remove this action does not raise a "substantial" federal question and, therefore, is an insufficient basis for removal under 28 U.S.C. § 1441.

B
The Defendants next contend that removal is proper because the Plaintiff's state law claims are preempted by federal labor law. Initially, we note that the Plaintiff's Complaint, except for the First Amendment claim heretofore discussed, is based entirely on state law. It does not "purport to assert any federal right, nor does it seek recovery under any federal statute or regulation." Schultz v. Coral Gables Federal Savings & Loan Assoc., supra, 505 F.Supp. at 1008. Therefore, the first two prerequisites for removal in a federal question case, i.e., that the federal question must appear on the face of the complaint and that federal law must be an essential element of the claim, are not satisfied here. See Gully v. First National Bank, supra, 299 U.S. at 112-13, 57 S.Ct. at *310 97-98; Medlin v. Boeing Vertol Co., supra, 620 F.2d at 963; La Chemise Lacoste v. Alligator Co., Inc., supra, 506 F.2d at 343-44. Moreover, contrary to the Defendants' assertions, we find that the issue of federal preemption is merely an affirmative defense to the Plaintiff's state law claims and, as such, is an insufficient predicate for removal. Gully v. First National Bank, supra, 299 U.S. at 113, 57 S.Ct. at 98; see Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In so holding, we concur in the views of the majority of federal courts that have considered the issue. See e.g., People of the State of Illinois v. Kerr-McGee Chemical Corp., supra; Nalore v. San Diego Federal Savings & Loan Assoc., 663 F.2d 841 (9th Cir.1981), cert. denied, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982); Guinasso v. Pacific First Federal Savings & Loan Assoc., 656 F.2d 1364 (9th Cir.1981), cert. denied, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982); Madsen v. Prudential Federal Savings & Loan Assoc., 635 F.2d 797 (10th Cir.1980), cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981); First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980) (collecting cases); Home Federal Savings & Loan Assoc. v. Insurance Department, 571 F.2d 423 (8th Cir.1978); Washington v. American League of Professional Baseball Clubs, 460 F.2d 654 (9th Cir.1972); Bailey v. Logan Square Typographers, Inc., 441 F.2d 47 (7th Cir.1971); Buice v. Buford Broadcasting, Inc., 553 F.Supp. 388 (N.D. Ga.1983); Drivers, Chauffeurs & Helpers Local Union No. 639 v. Seagram Sales Corp., 531 F.Supp. 364 (D.D.C.1981); Schultz v. Coral Gables Federal Savings & Loan Assoc., supra (collecting cases); Long Island Railroad Co. v. United Transportation Union, 484 F.Supp. 1290 (S.D.N.Y. 1980); Nevada v. King, 463 F.Supp. 749 (D.Nev.1979); Coulston v. International Brotherhood of Teamsters, 423 F.Supp. 882 (E.D.Pa.1976); Snyder v. Sun Oil Company, 410 F.Supp. 624 (E.D.Pa.1976); Beacon Moving & Storage, Inc. v. Local 814, 362 F.Supp. 442 (S.D.N.Y.1972).[4] This approach, we believe, is consistent not only with the Congressional decision to severely limit the federal removal right but also with the Supreme Court's unwavering admonition over the years to strictly construe these statutory provisions so as to restrict the jurisdiction of the federal courts on removal. See People of the State of Illinois v. Kerr-McGee Chemical Corp., supra, 677 F.2d at 577; Schultz v. Coral Gables Federal Savings & Loan Assoc., supra, 505 F.Supp. at 1010. Moreover, it clearly comports with the reasoning and language of the Supreme Court's decisions in Gully v. First National Bank, supra, and Phillips Petroleum Co. v. Texaco, supra, as well as our own circuit court's pronouncements in Medlin v. Boeing Vertol Co., supra; La Chemise Lacoste v. Alligator Co., Inc., supra; and PAAC v. Rizzo, supra. Therefore, we conclude that the second ground asserted by the Defendants, the defense of federal preemption, also cannot serve as a basis for removal of the Plaintiff's Complaint to federal court.

III
For the foregoing reasons, the Court holds that the Defendants have failed to demonstrate that any of the claims presented by the Plaintiff "arise under" federal law so as to sustain removal jurisdiction pursuant to 28 U.S.C. § 1441. The attempted removal by the Defendants is therefore improper because the Court lacks subject-matter jurisdiction over the present action; accordingly, we will remand the entire case to the Court of Common Pleas of Luzerne County, Pennsylvania.
An appropriate Order will be entered.
NOTES
[1] 28 U.S.C. § 1441(b) and (c) provide:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
[2] Document # 8 at 2.
[3] While the substantiality doctrine as a statement of jurisdictional principles affecting the power of a federal court to adjudicate constitutional claims has been questioned, see Rosado v. Wyman, 397 U.S. 397, 404, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970); Bell v. Hood, 327 U.S. 678, 683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), nevertheless, "it remains the federal rule." Hagans v. Lavine, supra, 415 U.S. at 538, 94 S.Ct. at 1379. The "constitutionally insubstantial" doctrine originated with the enactment of section 5 of the Act of March 3, 1875, ch. 137, § 5, 18 Stat. 472, which stated that if a suit filed in a federal court "does not really and substantially involve a dispute or controversy within the jurisdiction" of the court, the court shall dismiss the action. In the 1948 revision of the United States Code, the revisers eliminated this provision as unnecessary because "[a]ny court will dismiss a case not within its jurisdiction when its attention is drawn to the fact, or even on its own motion." 28 U.S.C. § 1359 (1976) (Historical and Revision Notes); see P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System at 836-37 (2d ed. 1973).
[4] Even accepting the rationale of the cases relied upon by the Defendants in their Reply Memorandum (Doc. # 9), we are not persuaded that they have satisfied their burden of proving that federal law "provides the only possible legal basis for the relief sought by the plaintiff." Alameda Room, Inc. v. Pitta, 538 F.Supp. 1072, 1076 (S.D.N.Y.1982); see North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233-34 (2d Cir.1978) (federal law must be "basic in the determination of the conflict between the parties.").