Clifton BROOKS, et al.

v.

A.S. ABELL PUBLISHING
COMPANY, INC., et al.

Civ. No. JFM–85–2786.

United States District Court,
D. Maryland.

April 14, 1986.

Michael E. Marr, Baltimore, Md., for plaintiffs.

Stanley Mazaroff, Venable, Baetjer & Howard, Baltimore, Md., for defendants.

## MEMORANDUM

MOTZ, District Judge.

Plaintiffs instituted this action in the Circuit Court for Baltimore City alleging various state common law torts generally arising out of their employment relationship with defendant A.S. Abell Publishing Company. Defendants removed the action to this Court pursuant to 28 U.S.C. Section 1441(b), alleging that plaintiffs "purport to state a cause of action arising under the laws of the United States." After removal plaintiffs were granted leave to file an amended complaint. Defendants then filed a motion to dismiss or for summary judgment on the ground that plaintiffs' claims are preempted by Section 8 of the National Labor Relations Act. *See San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *International Longshoremen's Ass'n v. Davis,* — U.S. —, 106 S.Ct. 1904, 89 L.Ed.2d 389 (1986).

At a hearing on defendants' motion, this Court raised sua sponte the question of whether the action had been properly removed.[1] The Court requested the parties to submit supplemental memoranda on the issue. After reviewing these memoranda, the Court remains of the view which it expressed at the hearing that the case was improperly removed.

28 U.S.C. Section 1441(b) states that "any civil action *of which the District Courts have original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Cases, such as those brought under Section 301 of the Taft Hartley Act, in which the federal and state courts have concurrent jurisdiction, are properly removable under Section 1441(b). Likewise,

---

1. Plaintiffs initially had filed a motion to remand but later, after having concluded that the case had been properly removed, withdrew their motion.

cases, such as those brought under the Sherman Anti-trust Act, in which the federal courts have exclusive jurisdiction, may be removed under Section 1441(b).[2] However, in cases such as this where—if defendants are correct in their pre-emption argument—neither the federal court nor the state court has jurisdiction, the action cannot be removed under Section 1441(b). This Court simply cannot be said to "have original jurisdiction" of a claim over which, under *Garmon,* the NLRB has exclusive jurisdiction. *See, e.g., Coulston v. Int'l Bhd. of Teamsters,* 423 F.Supp. 882, 884 (E.D.Pa.1976); *Beacon Moving & Storage Co. v. Local 814, Int'l Bhd. of Teamsters,* 362 F.Supp. 442, 445 (S.D.N.Y.1972); *City of Galveston v. Int'l Org. of Masters, Mates & Pilot,* 338 F.Supp. 907, 909 (S.D.Tex.1972); *cf. Drivers, Chauffeurs & Helpers Local Union # 639 v. Seagram Sales Corp.,* 531 F.Supp. 364, 367 n. 4 (D.D.C. 1981).

Accordingly, the action must be remanded to the Circuit Court for Baltimore City for that court to determine if plaintiffs' claims are preempted. An order of remand is being entered herewith.

---

**2.** In such cases the federal court must, after removal, dismiss the action since under the doctrine of "derivative jurisdiction" its jurisdiction is no greater than that possessed by the state court from which the case was removed. *See, e.g., General Inv. Co. v. Lake Shore & Michigan So. Rwy.,* 260 U.S. 261, 281–88, 43 S.Ct. 106, 115–17, 67 L.Ed. 244 (1922); *see also Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983).

The Judicial Improvements Act, H.R. 3570, which has been enacted by Congress and is awaiting the President's signature, adds a new subsection (e) to 28 U.S.C. Section 1441 which would change this result. However, the new subsection would have no application in cases such as this where the reason for the non-removability of the action is the lack of jurisdiction over the asserted claims in the federal court itself.